**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No.  ELH-23-0179** |
| | : | |
| **DELROY JAMES SCOTT,** | : | |
| | : | |
| **Defendant** | : | |

---

### MOTION TO SUPPRESS STATEMENTS

Delroy James Scott, the defendant, by and through his attorneys, Katherine Tang Newberger, and Christina Wong, Assistant Federal Public Defenders, respectfully moves this Honorable Court pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure to suppress all evidence seized in violation of the Fifth and Sixth Amendments to the United States Constitution and as grounds states as follows:

1.      On May 17, 2023, a federal grand jury returned a seven-count indictment, charging Mr. Scott with coercion and enticement, in violation of 18 U.S.C. § 2422(b) (Counts 1, 3, 4 and 5); sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) (Counts 2 and 6); and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & 2256 (Count 7).

2.      Mr. Scott made his initial appearance in federal court on June 7, 2023.

3.      The Court set a deadline of August 15, 2023, for the filing of defense motions.

4.      Discovery is voluminous, and production of discovery is ongoing.  Given the deadline set by the Court, Mr. Scott files this motion without the benefit of reviewing all discovery in this matter.

5.      Mr. Scott was arrested by Baltimore County Police on May 11, 2022.  He has been in continuous custody since that date, first in state custody and then in federal custody since June 7, 2023.

6.      The Baltimore County Police Department and Cumberland Police Department separately investigated complaints that a man had interacted online with a minor in each jurisdiction and met up with each of the minors in or near their homes.  Neither complainant knew the name of the individual, but they did provide the individual's username on Snapchat.  After issuing search warrants to Snapchat, law enforcement obtained the phone number and an email address associated with the Snapchat username in question.  Law enforcement then obtained a search warrant for the phone number and the street address associated with the IP address provided by Snapchat.  Ultimately, Baltimore County arrested Mr. Scott.

7.      Shortly after arresting Mr. Scott, the lead detective questioned Mr. Scott in an interview room at a Baltimore County police station.  Before providing *Miranda* warnings to Mr. Scott, the detective asked him several questions, such as confirming a particular car was his (the suspect was seen by witnesses in Cumberland getting into a specific type of vehicle) and asking for his cell phone number and email address, all crucial pieces of information that the Government will likely use at trial to attempt to connect Mr. Scott to the Snapchat account in question and the alleged offenses.  Only after Mr. Scott answered questions providing this information did the detective read Mr. Scott his *Miranda* rights.  Upon being advised of his *Miranda* rights, Mr. Scott immediately invoked his Fifth Amendment right to remain silent and the questioning ceased.

8.      The statements Mr. Scott made before being advised of his *Miranda* rights were obtained in violation of Mr. Scott's Fifth and Sixth Amendment rights as encapsulated in *Miranda v. Arizona*, 384 U.S. 436 (1966), and were otherwise involuntary. *See Pennsylvania v. Muniz*, 496

U.S. 582, 601-602 (1990) (holding that even administrative questions require a *Miranda* warning if "reasonably likely to elicit an incriminating response").

9.      Mr. Scott moves to suppress his statements and any physical evidence obtained as the fruit of these statements. *See, e.g.*, *United States v. Ramirez*, 991 F.Supp.2d 1258, 1266 (S.D. Fl. 2014) (suppressing defendant's response to question police asked before giving *Miranda* warnings, since that question served no administrative purpose).

10.     Mr. Scott reserves the right to supplement this motion if additional facts become available or if more discovery is provided that bears upon this motion.

**WHEREFORE**, Mr. Scott requests that this Court enter an order suppressing the statements Mr. Scott made to law enforcement and any physical evidence that is the fruit of the statements.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
KATHERINE TANG NEWBERGER (#27803)
CHRISTINA WONG (NY #5528146)
Assistant Federal Public Defenders
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland  21201
Phone: (410) 962-3962
Fax:  (410) (410) 962-3976
Email: katherine_newberger@fd.org

## **REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, the Defendant requests a hearing on this motion.

_____/s/_____

KATHERINE TANG NEWBERGER (#27803)
First Assistant Federal Public Defender